IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHARLES CONKLE, No. B86747,**

    Petitioner,

v.

**DONALD GAETZ, Warden,**
    **Pinckneyville Correctional Center**

    Respondent.                     Case No. 3:12-cv-00158-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Before the Court is petitioner Charles Conkle's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). On November 25, 2008, the petitioner was convicted of aggravated battery with a firearm in the Second Judicial Circuit, Hardin County, Illinois. On November 25, 2008, the petitioner was sentenced to 15 years imprisonment. Presently, the petitioner is incarcerated at the Pinckneyville Correctional Center.

    The petitioner brings this 2254 action to challenge the constitutionality of his 2008 conviction for aggravated battery with a firearm. Specifically, the petitioner asserts the following: (1) the trial court abused its discretion by not granting a continuance to allow the petitioner's expert witness to testify; (2) the petitioner's statement to police should have been suppressed; (3) the trial court made prejudicial comments during petitioner's trial; and (4) there was insufficient

evidence to support guilt beyond a reasonable doubt. The petitioner alleges that the asserted habeas claims were challenged on direct appeal to the Illinois Appellate Court.[1] The petitioner, however, did not raise any of the asserted habeas claims with the Illinois Supreme Court and the time to do so has passed. The petitioner alleges that he "did not file a petition for leave to appeal to the state supreme court on [the asserted habeas claims] because [his] retained lawyers did not file one after [he] specifically requested that they do so."

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, procedural default, and/or timeliness arguments it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

---

[1] The Illinois Appellate Court affirmed his conviction on May 4, 2011.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

Signed this 4th day of September, 2012.

Digitally signed by David R. Herndon
Date: 2012.09.04 08:43:49 -05'00'

**Chief Judge**
**United States District Court**