IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES CONKLE,

Plaintiff,

vs.                                                      CIVIL NO. 12-158-DRH-CJP

DONALD GAETZ,

Defendants.

## MEMORANDUM AND ORDER

HERNDON, Chief Judge:

Petitioner Charles Conkle filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his 2008 conviction in Illinois state court for aggravated battery with a firearm. For the reasons stated below, the petition is **DENIED** and the case is **DISMISSED with prejudice**.

## BACKGROUND

Petitioner Charles Conkle was charged in the Circuit Court of Hardin County, Illinois with aggravated battery with a firearm and attempted first-degree murder after shooting his wife, Regina, in the neck (Doc. 8-1, p. 88). He was convicted in 2008 by a jury on the charge of aggravated battery with a firearm, but not the charge of attempted murder (Doc. 8-1, p. 90). He was sentenced on November 28, 2008 to 15 years' imprisonment in the Illinois Department of Corrections (Doc. 8-1, pp.

8, 90).

Conkle directly appealed his conviction to the Illinois Appellate Court, raising the following six claims: (1) the trial court abused its discretion by not granting a continuance; (2) the trial court erred by not suppressing Conkle's statement to police; (3) the trial court made prejudicial comments during the testimony of defense witness Alva Bush; (4) the trial erred in ruling on the expertise of Alva Bush; (5) the evidence was insufficient to support Conkle's conviction; and (6) the trial court abused its discretion in sentencing Conkle to a fifteen-year prison term (Doc. 8-1 p. 87).   On May 4, 2011, the Illinois Appellate Court issued a Rule 23 Order rejecting all of Conkle's claims on the merits and affirming his conviction and sentence (Doc. 8-1 pp. 87–103).

Conkle did not file a petition for leave to appeal ("PLA") with the Illinois Supreme Court (*See* Doc. 1), and his time for doing so expired on June 8, 2011—35 days after the Rule 23 Order was issued by the Illinois Appellate Court. *See* ILL. S. CT. RULE 612, 315(b)(2).

He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 22, 2012 (Doc. 1).   In his habeas petition, Conkle raises the exact claims that he raised on direct appeal, except he does not raise claim six regarding the propriety of his sentence (*See* Doc. 1).   Conkle acknowledged that he did not present his claims to the Illinois Supreme Court in a PLA, and blamed that failure on his appellate counsel.   According to Conkle, he asked his attorneys to file

the PLA, and his attorneys assured him that they would, but then failed to do so (Doc. 1-1, p. 1).

Approximately two and a half months after he filed his federal habeas petition, Conkle filed a state post-conviction petition on May 7, 2012 asserting that he received ineffective assistance from his counsel at trial and on direct appeal (Doc. 8-2, pp. 2–11).   On July 6, 2012, the trial court dismissed the state post-conviction petition because Conkle failed to attach the necessary affidavits, records, or other evidence to his petition, and because his claims were frivolous or patently without merit (Doc. 8-2, pp. 12–13).   Conkle appealed the dismissal of his post-conviction petition, and as far as this Court knows, that appeal is still pending in the Illinois Appellate Court (Doc. 7, p. 3).

## ANALYSIS

### A.   Exhaustion and Procedural Default

The Anti–Terrorism and Death Penalty Act of 1996 ("AEDPA") allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).   However, before a state habeas petitioner is allowed to pursue his claims in federal court, he must exhaust his state court remedies.   28 U.S.C. § 2254(b). In order to exhaust, a petitioner must fully and fairly present his constitutional claims through one full round of state court review before filing a federal habeas

petition.   *O'Sullivan v. Boerckel,*  526 U.S. 838, 845 (1999).   For a petitioner who was convicted in Illinois state court, this means "the petitioner must have presented each claim in the habeas petition to the Illinois Appellate Court and to the Illinois Supreme Court in a petition for discretionary review."   *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010) (citing *Boerckel*, 526 U.S. at 844–45).   If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted.   *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007).

Here, Conkle failed to exhaust the five claims raised in his federal habeas petition because the claims were not presented in a PLA to the Illinois Supreme Court after they were rejected on direct appeal (Doc. 7).   Moreover, complete exhaustion is no longer available because the time for filing a PLA is long expired. *See supra* p. 2.   Because Conkle failed to present his claim to the Illinois Supreme Court and there is no longer time to do so, Conkle's claims are procedurally defaulted.

## B.     Excusing the Procedural Default

The procedural default can be excused if Conkle can establish either cause for the default and actual prejudice as a result, or that failure to consider the claims will result in a fundamental miscarriage of justice.   *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).   Conkle did not argue that failure to consider his defaulted claims will result in a miscarriage of justice.   Instead, he argues that errors

committed by his appellate counsel caused the default.

The Court notes that Conkle's claim of ineffective assistance by his appellate counsel was not included in his federal habeas petition as a substantive ground for relief, but was only raised as a cause to excuse his procedural default. Nevertheless, it is well-established that before a claim of ineffective assistance may be used to establish cause for the procedural default of some other claim, it must have been presented as an independent claim in state court and properly exhausted. *Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000); *Murray v. Carrier*, 477 U.S. 478, 489 (1986) ("[I]f a petitioner could raise his ineffective assistance claim for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available.")

At the time Conkle filed his federal habeas petition, his claim that his appellate counsel was ineffective for failing to file a PLA with the Illinois Supreme Court had not been presented in state court either on direct appeal or in a post-conviction petition.   It was only after he filed his federal habeas petition that he filed a state post-conviction petition asserting this claim.   The Illinois trial court denied Conkle's post-conviction petition, Conkle appealed the denial, and that appeal is still pending.   Therefore, his ineffective assistance claim is currently unexhausted and may not be used as a justification to excuse the default of his other claims.

Furthermore, there is no reason to stay these proceedings to allow Conkle to return to state court to exhaust this ineffective assistance claim.   The claim is clearly frivolous and devoid of any legal merit.   *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding a stay is inappropriate when the unexhausted claim is "plainly meritless").   Conkle had no right to counsel when petitioning the Illinois Supreme Court for discretionary review.   *Anderson v. Cowan*, 227 F.3d 893, 901 (7th Cir. 2000) (citing *Wainwright v. Torna*, 455 U.S. 586, 587 (1982)).   Because he had no right to counsel, any error committed by his attorneys at that stage of the proceedings cannot constitute constitutionally ineffective assistance of counsel. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).   In turn, because his attorneys' errors cannot constitute ineffective assistance, they also cannot establish cause to excuse the procedural default of his other claims.   *Id.* at 757 ("We reiterate that counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation."); *Franklin v. Gilmore,*  188 F.3d 877, 883 (7th Cir. 1999) ("Attorney error  that constitutes ineffective assistance of counsel is cause  to set aside a  procedural  default.")   Thus, staying this action to allow him to exhaust his claim that his appellate counsel was ineffective would be a fool's errand because the claim is meritless as a substantive basis for relief and cannot establish cause to excuse procedural default.

That would be the end of the cause-and-prejudice analysis except the Supreme Court recently issued a decision that added to the law on procedural default.   In *Maples v. Thomas*, the Supreme Court held that, even where there was

no constitutional right to counsel, a habeas petitioner could establish the cause to excuse a procedural default by showing his attorney abandoned him and thereby occasioned the default.   132 S.Ct. 912, 922–23 (2012).   In order for the *Maples* exception to apply, a habeas petitioner must demonstrate that his attorney severed the attorney-client relationship without giving him notice.   *Maples*, 132 S.Ct. at 923.   The Seventh Circuit has also suggested that it is crucial for a habeas petitioner to show that, as a result of the attorney abandonment, he lost his only opportunity to pursue postconviction relief or an appeal.   *See Nash v. Hepp*, 740 F.3d 1075, 1079 (7th Cir. 2014) ("In *Maples* counsel abandoned the petitioner without warning, and the petitioner lost his *only* opportunity to timely appeal from the denial of his postconviction petition.") (emphasis in original).

Here, Conkle did not explicitly claim that his attorneys abandoned him, but his allegations suggest as much.   In particular, he stated that his attorneys failed to file the PLA after he requested that they do so and they assured him that they would (Doc. 1-1 p. 5).   However, Conkle provided no facts or evidence to support this allegation.   There is also nothing to suggest that his attorneys' actions were more than run-of-the-mill negligence—an attorney saying he will do something and not doing it—which does not constitute cause to excuse a procedural default.   *Maples*, 132 S.Ct. at 923 ("Negligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.'")   Therefore, the Court cannot conclude that, unbeknownst to Conkle, his attorneys ceased representing him and left him without any functioning attorney of record.

Furthermore, even if Conkle could establish that his attorneys abandoned him, he has not shown that as a result of the alleged abandonment he lost his only opportunity to seek discretionary review by the Illinois Supreme Court. Under Illinois Supreme Court Rule 315(b), once Conkle learned that his attorneys had not filed the PLA, he could have sought leave from that Court to file a late petition. ILL. S. CT. RULE 315(b). There is no evidence, however, that Conkle made any attempt to file a late PLA or otherwise remedy his counsels' omission and continue the appeals process. *See Nash*, 740 F.3d at 1079 (indicating failure to timely file postconviction petition does not mean opportunity to do so is lost where state law provides procedure through which petitioner "easily could have remedied counsel's omission and started the plenary postconviction process anew"). Therefore, the Court cannot conclude that Conkle was completely foreclosed from seeking discretionary review by the Illinois Supreme Court as a result of his attorneys' alleged abandonment. *Compare Nash*, 740 F.3d at 1079 (attorney abandonment did not cause petitioner to lose right to bring collateral challenge because he could have requested an extension of time to file a late petition), *with Maples*, 132 S.Ct. at 920–21 (attorney abandonment completely foreclosed petitioner from appealing denial of postconviction petition where trial court denied his request to re-issue order thereby re-starting the appeals period, and state supreme court also denied his request for writ of mandamus to file a late appeal).

In sum, Conkle has failed to establish cause to excuse the procedural default of his claims. Any error committed by his attorneys in filing the PLA with the

Illinois Supreme Court cannot constitute cause because Conkle had no constitutional right to counsel at that stage of the proceedings. Furthermore, Conkle cannot show that his procedural default in state court was attributable to attorney abandonment because he failed to demonstrate that his attorneys severed the attorney-client relationship without notice and caused him to lose his only opportunity for discretionary review by the Illinois Supreme Court. Because Conkle's claims are procedurally defaulted and he failed to show cause to excuse the default, his petition must be denied.

## C.    Immediate Adjudication Without Granting Leave to Amend is Appropriate

One final issue the Court must address is respondent's suggestion that prior to denying Conkle's petition, the Court should inquire whether Conkle wishes to file an amended habeas petition to include his claims of ineffective assistance of counsel at trial.[1] At the time Conkle filed his federal habeas petition, it is clear that he was aware of his potential ineffective assistance of counsel claims. He could have included them in his federal habeas petition and asked the Court to stay the proceedings until he exhausted his state remedies with respect to those claims. However, Conkle did not file a reply to Respondent's suggestion, a motion for leave to amend, or a motion for a stay. In other words, he has expressed no interest in amending his habeas petition to include his claims of ineffective assistance at trial. It appears from his silence that Conkle wanted the claims presented in his § 2254

---

[1] As previously noted, Conkle's claim that his appellate counsel was ineffective for failing to file a PLA with the Illinois Supreme Court is frivolous as a substantive basis for relief. *See supra* p. 5. Therefore, the Court would not permit Conkle to amend his habeas petition to add this claim.

petition adjudicated immediately.   The Court sees no reason why it should withhold doing so.   *Turnage v. Fabian*, 606 F.3d 933, 942 (8th Cir. 2010) ("[T]he pendency of parallel state court proceedings does not necessarily prevent federal courts from adjudicating § 2254 petitions containing fully exhausted federal claims."); *Nowaczyk v. Warden, N.H. State Prison*, 299 F.3d 69, 77 (1st Cir. 2002) (holding district court was not required to delay its decision on habeas petitioner's fully exhausted claims until conclusion of state post-conviction proceedings that raised unexhausted claim not included in habeas petition).   If Conkle wishes to raise his ineffective assistance claims in federal court, he will be required to file a second habeas petition which will require permission from the Court of Appeals for the Seventh Circuit.

**D.    Certificate of Appealability**

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).   The Supreme Court has interpreted this requirement to mean that the petitioner must demonstrate that, "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were  adequate to deserve encouragement to

proceed further." *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here the undersigned finds no basis for a determination that the Court's decision to dismiss Conkle's § 2254 petition is debatable or incorrect.   Reasonable jurists could not debate the Court's conclusion that Conkle's claims were procedurally defaulted.   Reasonable jurists also could not debate the Court's conclusion that Conkle failed to establish cause for the procedural default given Conkle did not have a constitutional right to counsel in filing a PLA with the Illinois Supreme Supreme Court and the complete dearth of evidence that his counsel abandoned him.   Accordingly, the Court declines to issue a certificate of appealability in this case.

## CONCLUSION

Charles Conkle's petition for habeas relief under 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.   This cause of action is **DISMISSED** with prejudice.    The Court **DENIES** a certificate of appealability.   The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 17th day of March, 2014.

Digitally signed by
David R. Herndon
Date: 2014.03.17
14:02:11 -05'00'

**Chief Judge**
**U.S. District Court**